UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MABEL ARREDONDO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | EP-22-CV-00299-DCG |
| § | |
| SUNLIFE POWER LLC, § | |
| § | |
| *Defendant*. § | |

## **MEMORANDUM ORDER DENYING LEAVE TO AMEND**

*Pro se* Plaintiff Mabel Arredondo moves for leave to file her first amended complaint. 2d Mot. Am., ECF No. 57. Concluding that Plaintiff has not established good cause for leave to amend, the Court **DENIES** her Motion.

### I.   BACKGROUND

This case has a long and somewhat complicated history. Early in the case, the Court granted Defendant SunLife Power LLC's attorneys' motion to withdraw. Order, ECF No. 32. In that Order, the Court admonished Defendant, as it had done before, *see* Notice, ECF No. 29, at 2, "that it cannot proceed on its own behalf and that it must be represented by an attorney," *see* Order at 2. By March 9, 2023, Defendant had not obtained counsel, so the Court entered another order requiring Defendant "to obtain counsel—and have counsel enter an appearance—by March 30, 2023." 2d Order, ECF No. 36, at 1. To this day, Defendant has not obtained counsel.[1]

Anticipating that Defendant might not obtain counsel, the Court, in its March 9th Order, told Plaintiff that "[s]hould Defendant fail to comply with the Court's order, [she] should

---

[1] Representatives of SunLife Power may be refusing to accept Certified U.S. Mail of this Court's notices and orders. *See* Returned Mail Receipt, ECF No. 34 (showing that mail was "return[ed] to sender" because the recipients "refused" to receive it); 2d Returned Mail Receipt, ECF No. 39 (same).

promptly take some action to push this case toward resolution." *Id.* The Court specifically informed her that she "could move for default, followed by default judgment." *Id.* at 1 n.2. By April 18, 2023, Plaintiff had taken no action, so the Court *sua sponte* issued an order requiring Plaintiff to move for default or "[t]ake some other action to push her dispute with Defendant . . . toward its resolution." *See* 1st Order Take Action, ECF No. 41, at 2. Plaintiff again disregarded the Court's order, and the Court again *sua sponte* gave Plaintiff additional time—until May 24, 2023—to take some action in this case. 2d Order Take Action, ECF No. 44. Plaintiff did nothing by the May 24 deadline.

Instead, on May 25, 2023, Plaintiff filed her first motion to amend her complaint. 1st Mot. Am., ECF No. 47. The Court denied that motion without prejudice because Plaintiff did "not follow[] the Western District of Texas's Local Rule[]" requiring her to "file 'an executed copy of the proposed pleading . . . as an exhibit to the motion for leave.'" Order Denying 1st Mot. Am., ECF No. 48, at 2 (quoting W.D. TEX. L.R. CV-7(b)). The Court also explained to Plaintiff that she would be required to show good cause to amend her complaint because the Court had previously entered a Scheduling Order setting a March 1, 2023 deadline to file "motions to amend or supplement pleadings or to join additional parties," and that deadline had long expired.[2] *Id.* at 1, 2 n.1; *see also* Scheduling Order, ECF No. 16, at 1.

On July 5, 2023, Plaintiff filed a renewed motion for leave to amend her complaint.[3] *See* 2d Mot. Am. She asks to add "two Defendant[s] that were unknown at the time Plaintiff[] [filed her] Original Complaint." *Id.* at 1. She explains that the new defendants "had direct

---

[2] On June 14, 2023, the Court noticed that the U.S. Postal Service had not delivered to Plaintiff the Court's Order Denying Leave to Amend, so the Court *sua sponte* extended Plaintiff's deadline to file a renewed motion to amend her complaint. Order Ext. Deadline, ECF No. 53, at 1–2.

[3] This time, Plaintiff complied with the Western District of Texas's Local Rule requiring that she attach her proposed amended pleading to her motion. *See* Proposed Am. Compl., ECF No. 57-1.

involvement [in] the factual issues alleged by Plaintiff in [her] original complaint" and that "[t]he amendment is needed in order . . . to push the case to [its] resolution." *Id.*

## II.   DISCUSSION

Federal Rule of Civil Procedure 15(a) typically governs the amendment of pleadings, and commands courts to freely give leave to amend "when justice so requires." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quotation omitted). But that "lenient standard . . . does not apply if an amendment would require the modification of a previously entered scheduling order." *Id.* Where, as here, a court has already issued a scheduling order and the relevant deadline has passed, Federal Rule of Civil Procedure 16(b)(4) "governs the amendment of pleadings." *Id.* Rule 16(b)(4) requires a party to show good cause when she wants to modify an already-expired scheduling order deadline. FED. R. CIV. P. 16(b)(4); *Filgueira*, 734 F.3d at 422.

Courts consider the following factors when determining whether good cause exists under Rule 16(b)(4):

(1) the explanation for the failure to timely move for leave to amend;

(2) the importance of the amendment;

(3) potential prejudice in allowing the amendment; and

(4) the availability of a continuance to cure such prejudice.

*Filgueira*, 734 F.3d at 422. Courts generally view the factors holistically, but particularly egregious errors by a party seeking to amend her pleading may be dispositive. *See, e.g.*, *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

Take *Service Temps* as an example. There, the defendant moved to amend its answer to add a defense "[m]ore than three months after the pleadings deadline."[4] *Id.* at 328. The district court held that defendant provided no "plausible explanation for its delay," and accordingly denied the defendant's motion to amend its pleading. *Id.* at 334 (quotation omitted). The Fifth Circuit affirmed, reasoning that the district court's conclusion "that [the defendant's] failure to account for its delay was dispositive, [and] outweigh[ed] the other three factors for assessing good cause," was "well supported and squarely within its sound discretion." *Id.*

Here, Plaintiff moves to amend her complaint nearly three months after the amendment deadline expired. *See* Scheduling Order at 1. Moreover, Plaintiff received notice of the identities of the two defendants she now seeks to add to her complaint nearly five months before she moved to amend her complaint. From information available on the docket, Plaintiff could have determined the identities of the two putative defendants, Mr. Paul Bardwell and Mr. Matt Hickey, and their possible connection to this case around January 7, 2023.[5] If she didn't know by then, she should have known on February 27, 2023 when she signed a certified mail receipt of the Court's order granting SunLife's attorneys' motion to withdraw.[6] Then, beginning in early

---

[4] That *Service Temps* dealt with a *defendant's* request to amend its pleading (rather than a *plaintiff's* request) does not affect the applicable standard. The Fifth Circuit applies the same good cause factors no matter which party is seeking leave to amend its pleading. *Compare Service Temps*, 679 F.3d at 334, *with Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

[5] *See* 1st Mot. Withdraw, ECF No. 21, at 1 (identifying the putative defendants by name and address); Order Denying 1st Mot. Withdraw, ECF No. 22, at 3 (mailing a copy of the order to Mr. Bardwell and Mr. Hickey); Certified Mail Receipt Order Denying 1st Mot. Withdraw, ECF No. 26; USPS Tracking, https://tools.usps.com/go/TrackConfirmAction_input (last visited Aug. 1, 2023) (Tracking No. 70111570000365081610 for Order Denying First Motion to Withdraw) (delivered on Jan. 7, 2023).

[6] *Compare* Order 2d Mot. Withdraw, ECF No. 32, at 2 (identifying Mr. Bardwell and Mr. Hickey), *with* Certified Mail Receipt Order 2d Mot. Withdraw, ECF No. 35. Also, in early and late February 2023, SunLife's former counsel identified the putative defendants in filings. Advisory, ECF No. 28, at 1; 2d Mot. Withdraw, ECF No. 31, at 2.

March 2023, the Court sent copies of a series of orders to Mr. Bardwell and Mr. Hickey, which also should have also informed Plaintiff of their identities and possible connection to this case.[7] Finally, on May 25, 2023—nearly three months after the amendment deadline expired and nearly five months after Plaintiff should have first learned about the putative defendants—Plaintiff moved to amend her complaint for the first time. *See* 1st Mot. Am.

In the instant motion to amend to add Mr. Bardwell and Mr. Hickey as defendants, Plaintiff provided no explanation for why she didn't timely move to amend. In total, Plaintiff said,

> Plaintiff respectfully moves this Court for leave to file Plaintiff's First Amended Complaint. The amendment simply includes two Defendants that were unknown at the time Plaintiff's Original Complaint was filed. The new Defendants had direct involvement [in] the factual issues alleged by Plaintiff in the original complaint. The amendment does not involve different subject matter or raise significant new factual issues. The amendment is needed in order for Plaintiff to push the case to resolution. Here, there is no improper motive, such as undue delay or bad faith. Plaintiff apologizes to the Court[] for filing after the deadline set by the Court's [S]cheduling Order. As good cause, and to show that leave should be granted, Plaintiff has submitted her First Amended Complaint in order to conform with the Federal Rules of Civil Procedure [sic], and to clarify that her pleaded claims against the proper Defendants in this case may proceed to properly default all Defendants.

2d Mot. Am. at 1.

Nothing in Plaintiff's Motion tells the Court why it took her nearly five months to discover the identities of the putative defendants and then to move for leave to amend her complaint. Her failure to offer any explanation whatsoever weighs heavily against providing Plaintiff leave to amend.[8] This is especially the case considering the Court explicitly told

---

[7] *See, e.g.*, Order Def. Obtain Counsel, ECF No. 36; 1st Order Take Action, ECF No. 41, at 2 (Apr., 18, 2023); 2d Order Take Action at 3 (May 10, 2023); Certified Mail Receipt 2d Order Take Action, ECF No. 46; USPS Tracking, https://tools.usps.com/go/TrackConfirmAction_input (last visited Aug. 1, 2023) (Tracking No. 70181830000042948238) (noting delivery on May 20, 2023).

[8] *Cf., e.g.*, *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (affirming denial of leave to amend where "[t]here was no explanation for the five-month delay" and no "suggestion that any

Plaintiff—twice—that she would have "to address [the good cause] factors, including [by] providing an explanation for when and how she learned the identity of the potential new defendants and why she is just now moving for leave to amend to add them to this case." Order Denying 1st Mot. Am. at 2 n.1 (citing *Million*, 837 F. App'x at 266); *see also* Order Ext. Deadline at 1 n.1.

Here, as in *Service Temps*, Plaintiff's extended delay and failure to provide any explanation for that extended delay is dispositive. *See Serv. Temps*, 679 F.3d at 334. The Court concludes that Plaintiff has not established good cause to amend her complaint nearly three months after the amendment deadline expired and nearly five months after she should have known the identities of the putative defendants.[9]

### III.   CONCLUSION

The Court exercises its "broad discretion to preserve the integrity and purpose of [its] pretrial order," *Fahim*, 551 F.3d at 348 (quoting *Sw. Bell Tel.*, 346 F.3d at 547), and accordingly

---

of [the facts plaintiff sought to add] were" previously unavailable); *Fahim*, 551 F.3d at 347–48 (affirming denial of leave to amend where the plaintiff "filed her motion to amend nearly two months after the deadline to amend pleadings had expired," "offered no explanation for her untimely request," and where the amendment would have prejudiced the defendant); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003) (affirming denial of leave to amend where amendment would prejudice other party and moving party "d[id] not offer a satisfactory explanation for its delay"); *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536–37 (5th Cir. 2003) (affirming denial of leave to amend in part because the plaintiff "offer[ed] effectively no explanation" for its untimely motion); *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 265–66 (5th Cir. 2020) (affirming denial of leave to amend in part because the plaintiffs waited two months "and gave explanations for their failure to amend timely that were implausible and uncorroborated").

[9] *Cf., e.g.*, *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent *and the court*, is itself a sufficient reason for the court to withhold permission to amend.'" (emphasis added) (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004))); *De Leon v. Martinez*, No. EP-20-CV-00311-DCG-RFC, 2021 WL 4953911, at *1–2 (W.D. Tex. Oct. 22, 2021) (concluding defendants failed to show good cause because they did not "show that the Scheduling Order could not reasonably have been followed" and they did not "adequately explain" their delay).

**DENIES** Plaintiff's "Amended Motion for Leave to File Plaintiff's First Amended Complaint" (ECF No. 57).

The Court further **ORDERS** Plaintiff to comply with the Court's previous Orders to Take Action[10] and do one of the following by **August 23, 2023**:

(1) File a request that the Clerk of Court enter a default against Defendant SunLife Power LLC that is accompanied by an affidavit or other appropriate document that satisfies Federal Rule of Civil Procedure 55(a); or

(2) Take some other action to push her dispute with Defendant SunLife Power LLC toward its resolution.

If Plaintiff again fails to comply with the Court's orders, the Court ***will consider dismissing*** Plaintiff's claims against SunLife for want of prosecution and failure to comply with the Court's orders.[11]

The Court **DIRECTS** the Clerk of Court to email a copy of this order to:

Mabel Arredondo
mabel.arredondo22@gmail.com

The Court also **DIRECTS** the Clerk of Court to mail a copy of this order to:

SunLife Power, LLC
c/o Paul Bardwell & Matt Hickey
331 Ushers Road, Suite 106
Ballston Lake, NY 12019

SunLife Power, LLC
c/o Harvard Business Services, Inc., Registered Agent
16192 Costal Highway
Lewes, Delaware 19958

---

[10] *See* 2d Order at 1, 1 n.2 (directing Plaintiff to "promptly take some action to push this case toward resolution" if SunLife failed to obtain counsel); 1st Order Take Action at 1–2 (similar); 2d Order Take Action at 1–3 (similar).

[11] The Court has the authority to dismiss the case for want of prosecution and failure to comply with its orders. FED. R. CIV. P. 41(b) (providing for dismissal of an action "[i]f the plaintiff fails to prosecute or [] comply with [the Federal Rules of Civil Procedure] or a court order"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

**So ORDERED and SIGNED this 2nd day of August 2023.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**