**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MABEL ARREDONDO,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **EP-22-CV-00299-DCG** |
| | § | |
| **SUNLIFE POWER LLC,** | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER DISMISSING CASE**

*Pro se* Plaintiff Mabel Arredondo has repeatedly ignored this Court's orders and has otherwise failed to prosecute this case. The Court **DISMISSES** Plaintiff's case under Federal Rule of Civil Procedure 41(b) **WITHOUT PREJUDICE**.

**I.    BACKGROUND**

This case has a somewhat long and complicated history. On February 24, 2023, the Court granted Defendant SunLife Power LLC's attorneys' motion to withdraw. *See* Withdraw Order, ECF No. 32. In that Order, the Court admonished Defendant, as it had done before, *see* Notice, ECF No. 29, at 2, "that it cannot proceed on its own behalf and that it must be represented by an attorney," *see* Withdraw Order at 2. By March 9, 2023, Defendant had not obtained counsel, so the Court entered another order requiring Defendant "to obtain counsel— and have counsel enter an appearance—by March 30, 2023." Counsel Order, ECF No. 36, at 1. To this day, Defendant has not obtained counsel.[1]

---

[1] Representatives of SunLife Power may be refusing to accept Certified U.S. Mail of this Court's notices and orders. *See* Returned Mail Receipt, ECF No. 34 (showing that mail was "return[ed] to sender" because the recipients "refused" to receive it); 2d Returned Mail Receipt, ECF No. 39 (same).

Anticipating that Defendant might not obtain counsel, the Court, in its March 9th Order, told *pro se* Plaintiff Mabel Arredondo that "[s]hould Defendant fail to comply with the Court's order, [she] should promptly take some action to push this case toward resolution." *Id.* The Court specifically noted that "Plaintiff could move for default, followed by default judgment." *Id.* at 1 n.2. By April 18, 2023, Plaintiff had taken no action, so the Court *sua sponte* ordered Plaintiff to move for default or "[t]ake some other action to push her dispute with Defendant . . . toward its resolution" by May 9, 2023. *See* 1st Order Take Action, ECF No. 41, at 2. Plaintiff again disregarded the Court's order, and the Court again *sua sponte* gave Plaintiff additional time—until May 24, 2023—to take some action in this case. 2d Order Take Action, ECF No. 44. Despite apparently receiving the Court's Second Order to Take Action,[2] *see* Certified Mail Receipt, ECF No. 46, Plaintiff did nothing by the May 24th deadline.

Instead, on May 25, 2023, Plaintiff filed her first motion to amend her complaint. 1st Mot. Amend, ECF No. 47. The Court denied that motion without prejudice because Plaintiff did "not follow[] the Western District of Texas's Local Rule[]" requiring her to "file 'an executed copy of the proposed pleading . . . as an exhibit to the motion for leave.'" Order Denying 1st Mot. Amend, ECF No. 48, at 2 (quoting W.D. TEX. L.R. CV-7(b)). The Court also explained to Plaintiff that she would be required to show good cause to amend her complaint because the

---

[2] As the Court mentioned in its first Order to Take Action, it was unclear whether Plaintiff remained at her address on record because the U.S. Postal Service returned her mail in this case—and others—to the courthouse as "undeliverable." *Compare* Certified Mail Receipt, ECF No. 42, *with* USPS Tracking, https://tools.usps.com/go/TrackConfirmAction_input (last visited Aug. 29, 2023) (Tracking No. 70181830000042948238) (noting that USPS attempted delivery and provided Plaintiff a "reminder to arrange for redelivery" but that Plaintiff picked up the mail on May 20, 2023). *See also*, *e.g.*, Returned Mail Receipt, *Arredondo v. Protect My Car LLC*, No. 3:22-CV-00209-KC (W.D. Tex. Feb. 3, 2023), ECF No. 14 (mail returned to the Court as undeliverable and unable to forward); Returned Mail Receipt, *Arredondo v. Palmer Admin. Servs., Inc.*, No. 3:22-CV-00149-DB (W.D. Tex. Mar. 10, 2023), ECF No. 9 (same); Certified Mail Receipt, *Arredondo v. Monetary Inquisition Grp., LLC*, No. 3:22-CV-00236-DCG (W.D. Tex. Apr. 13, 2023), ECF No. 55 (USPS tracking number 70181830000042948214 shows mail was undeliverable). It's unclear to the Court why so many previous filings have been undeliverable but the Court's Second Order to Take Action order apparently made its way to Plaintiff.

Court had previously entered a Scheduling Order setting a March 1, 2023 deadline to file "motions to amend or supplement pleadings or to join additional parties," and that deadline had long expired.[3]  *Id.* at 1, 2 n.1; *see also* Scheduling Order, ECF No. 16, at 1.

On July 5, 2023, Plaintiff filed a renewed motion for leave to amend her complaint,[4] and asked to add "two Defendant[s] that were unknown at the time Plaintiff[] [filed her] Original Complaint."  *See* 2d Mot. Amend 1.  On August 2, 2023, the Court denied Plaintiff leave to amend her complaint because she failed to establish good cause, as Federal Rule of Civil Procedure 16(b)(4) requires, *see* Mem. Order Denying Leave Amend, ECF No. 58, at 3–7, and despite the Court's two prior admonishments that she would have to do so, *id.* at 5–6.

The Court gave Plaintiff until August 23, 2023 to either "[f]ile a request that the Clerk of Court enter default against Defendant SunLife Power LLC" or "[t]ake some other action to push her dispute . . . toward its resolution."  *Id.* at 7.  Once again, the Court admonished Plaintiff that if she "again fail[ed] to comply with the Court's orders, the Court [would] consider dismissing" her claims.  *Id.* (emphasis removed).  To ensure Plaintiff received notice of the Court's order, the Court asked the Clerk of Court to email Plaintiff a copy.  *Id.*  Plaintiff has taken no action in this case since the Court's August 2nd Memorandum Order.

## II.   DISCUSSION

The Court has the authority to dismiss this case for want of prosecution and failure to comply with its orders.  FED. R. CIV. P. 41(b) (providing for dismissal of an action "[i]f the plaintiff fails to prosecute or [] comply with [the Federal Rules of Civil Procedure] or a court

---

[3] On June 14, 2023, the Court noticed that the U.S. Postal Service had not delivered to Plaintiff the Court's Order Denying Leave to Amend, so the Court *sua sponte* extended Plaintiff's deadline to file a renewed motion to amend her complaint.  Order Ext. Deadline, ECF No. 53, at 1–2.

[4] This time, Plaintiff complied with the Western District of Texas's Local Rule requiring that she attach her proposed amended pleading to her motion.  *See* Proposed Am. Compl., ECF No. 57-1.

order"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018) ("Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order."). The Court may dismiss this case under Rule 41(b) *sua sponte* when it is "necessary to 'achieve the orderly and expeditious disposition of cases.'" *E.g.*, *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link*, 370 U.S. at 631). In other words, when a plaintiff fails to take any action in her case over an extended period of time, a court must be able to clear the case from its docket. *See, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (explaining that the power to dismiss a case under Rule 41(b) "is based on the courts' power to manage and administer their own affairs" (quotation omitted)); *Ramsay v. Bailey*, 531 F.2d 706, 708–09 (5th Cir. 1976).

Here, despite "repeated warnings" from the Court "that dismissal would result from" Plaintiff's "continued failure to proceed properly," she has remained nearly "total[ly] inactiv[e]" in this case, making dismissal proper. *See Ramsay*, 531 F.2d at 708–09.

Dismissal can be with or without prejudice; here, dismissal without prejudice is proper.[5] *See Berry*, 975 F.2d at 1191 n.6 (explaining that "where a plaintiff has failed only to comply with a few court orders," dismissal with prejudice is likely improper); *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519–20 (5th Cir. 1985) (explaining that "dismissal with prejudice for want of prosecution" is proper only if there is "a clear record of delay or

---

[5] Compare Plaintiff's failure to comply with three of the Court's orders in this case with *Arredondo v. Monetary Inquisition Grp., LLC*, where this Court *sua sponte* dismissed another of Plaintiff's cases with prejudice. No. EP-22-CV-00236, 2023 WL 2940027, at *1–5 (W.D. Tex. Apr. 13, 2023) (noting even less engagement by Plaintiff with her case).

contumacious conduct by the plaintiff, and when lesser sanctions would not serve the best interest of justice").

Finally, "[w]hen a dismissal is without prejudice but the applicable statute of limitations probably bars future litigation," dismissal without prejudice is practically "dismissal with prejudice." *Griggs*, 905 F.3d at 844.  Dismissal without prejudice in this case will not, in effect, be dismissal with prejudice.  Plaintiff alleges Defendant committed several violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Texas Business and Commerce Code §§ 305.053, 302.101, 302.302.  *See generally* Compl., ECF No. 1.  The TCPA is governed by a four-year statute of limitations.  *E.g.*, *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 107 (2d Cir. 2013).  Plaintiff's claims under the Texas Business and Commerce Code are governed by either a two-year, *see Chair King, Inc. v. GTE Mobilnet of Hous., Inc.*, 135 S.W.3d 365, 391 (Tex. App.—Houston 2004), *rev'd sub nom. on other grounds*, *The Chair King, Inc. v. GTE Mobilnet of Hous., Inc.*, 184 S.W.3d 707 (Tex. 2006), or four-year statute of limitations, *see Chambers v. Green Tree Servicing LLC*, 2016 WL 8672775, at *8 (N.D. Tex. Sept. 30, 2016); TEX. CIV. PRAC. & REMEDIES CODE § 16.051.  The court needn't decide whether a two- or four-year limitations period applies because Plaintiff's dismissed claims won't be time-barred either way.  The earliest conduct Plaintiff complains of allegedly occurred in July 2022, *see* Compl. ¶ 47—slightly more than one year ago—which is well within the statute of limitations.  Thus, the Court's dismissal will be without prejudice to refiling, both in name and in effect.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).[6]

---

[6] When "dismissal [is] without prejudice and . . . no statute of limitation bars the refiling of [the plaintiff's] claim, [the plaintiff] has not suffered prejudicial harm resulting from dismissal.  In such circumstances trial courts must be allowed leeway in the difficult task of keeping their dockets moving." *McCullough*, 835 F.2d at 1127.

### III. CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff Mabel Arredondo's claims against Defendant SunLife Power LLC **WITHOUT PREJUDICE**. Because this dismissal is without prejudice, Plaintiff may refile and litigate her case, subject to applicable law.

The Court **CLOSES** this case and will separately issue a final and appealable judgment.

The Court **DIRECTS** the Clerk of Court to email a copy of this order to:

Mabel Arredondo
mabel.arredondo22@gmail.com

The Court also **DIRECTS** the Clerk of Court to mail a copy of this order to:

SunLife Power, LLC
c/o Paul Bardwell & Matt Hickey
331 Ushers Road, Suite 106
Ballston Lake, NY 12019

SunLife Power, LLC
c/o Harvard Business Services, Inc., Registered Agent
16192 Costal Highway
Lewes, Delaware 19958

**So ORDERED and SIGNED this 30th day of August 2023.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**